**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**VIBERT L. WHITE, JR.,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:10-cv-134-Orl-28GJK**

**ALANA BRENNER, BILL COWLES, and**
**DAISY W. LYNUM,**

        **Defendants.**
_____

## ORDER

Plaintiff Vibert L. White, Jr., brings the instant action pursuant to, inter alia, 42 U.S.C. § 1983, seeking declaratory and mandatory injunctive relief. Plaintiff alleges that he attempted to run for the office of City Commissioner for District 5 of the City of Orlando in the March 9, 2010 municipal election but that Defendant Alana Brenner, the City Clerk, refused to qualify him as a candidate. Plaintiff contends that the candidacy requirements cited by Defendant Brenner as the basis for Plaintiff's nonqualification are unconstitutional. He requests that the allegedly unconstitutional conditions be stricken from the City Charter and that the Court "mandatorily enjoin Brenner to qualify [Plaintiff] as a candidate for the position of District 5 City Commissioner and to further order Brenner to instruct [Defendant Bill Cowles, the Supervisor of Elections for Orange County] to place [Plaintiff's] name . . . on the August 24, 2010 primary ballot (or on a ballot for a special election called for this purpose)." (Compl., Doc. 1, at 8).

The case is before the Court on the Motion to Dismiss (Doc. 9) filed by Defendant

Brenner and the Motion to Dismiss (Doc. 11) filed by Defendant Daisy Lynum[1]; Lynum's motion merely adopts the arguments in Brenner's motion. The motions to dismiss are brought pursuant to Federal Rule of Civil Procedure 12(b)(7), and Defendants argue that Plaintiff has failed to join a necessary party—the City of Orlando. Defendants note that Plaintiff seeks relief that includes negation of the results of the March 9, 2010 election, the holding of a new election, and declaration that part of the City Charter is unconstitutional. Defendants urge that none of the named Defendants has the power to call a special election and that the City Council is the entity with that power. Additionally, Defendants aver that the City is a necessary party due to Plaintiff's challenge to its Charter. In his responses (Docs. 15 & 16), Plaintiff does not expressly contest that the City is a necessary party, but Plaintiff asserts that the City is already a Defendant because the officials who have been named as Defendants are sued in their official capacities, which Plaintiff urges is the equivalent of the City being named.

Where a § 1983 suit *for damages* is brought against an officer in his or her official capacity, such a suit is, in effect, a suit against the entity whom the official represents, and the capacity in which the individual is sued in such damages actions determines who—the individual or the entity—is liable for the payment of damages. See, e.g., Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). However, in the instant case, Plaintiff does not seek damages but only injunctive relief, and Plaintiff has cited no authority for the proposition that suing a public official in his or her official capacity for mandatory injunctive relief is the

---

[1] Lynum is the officeholder of the position for which Plaintiff seeks to run, and she is sued "solely as a party interested in the outcome hereof." (Compl. at 3).

equivalent of suing the municipality that the official represents. It does appear to the Court that the City is a necessary party to this case because "in [the City's] absence, the court cannot accord complete relief among existing parties" and because the City has "an interest relating to the subject of the action and is so situated that disposing of the action in the [City's] absence may . . . as a practical matter impair or impede the [City's] ability to protect the interest." Fed. R. Civ. P. 19(a).

Neither side has identified any impediment to the joinder of the City as a Defendant, and it appears that such joinder is feasible. Thus, the appropriate remedy is to order the joinder of the City. Accordingly, it is **ORDERED** and **ADJUDGED** that the motions to dismiss (Docs. 9 & 11) are **GRANTED without prejudice**. The Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff shall file an Amended Complaint on or before **Friday, July 2, 2010**, adding the City of Orlando as a named Defendant in this case.

**DONE** and **ORDERED** in Orlando, Florida this 23rd day of June, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record