UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VIBERT L. WHITE, JR.,**

                  **Plaintiff,**

-vs-                                        Case No. 6:10-cv-134-Orl-28GJK

**ALANA BRENNER, BILL COWLES, DAISY W. LYNUM, and CITY OF ORLANDO,**

                  **Defendants,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 11 BY DEFENDANT, ALANA BRENNER, IN HER OFFICIAL CAPACITY AS CITY CLERK FOR THE CITY OF ORLANDO, FLORIDA (Doc. No. 31)** |
| **FILED:** | September 28, 2010 |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### I. BACKGROUND.

On June 29, 2010, Vibert L. White, Jr. ("White") filed an Amended Complaint (the "Complaint") against Alana Brenner ("Brenner"), in her official capacity as the City Clerk for

the City of Orlando, Florida, Bill Cowles ("Cowles"), in his official capacity as Supervisor of Elections for Orange County, Florida, Daisy W. Lynum ("Lynum"), as an interested party, and the City of Orlando ("Orlando"). Doc. No. 25.[1] White alleges that he attempted to run for the office of City Commissioner for District 5 of the City of Orlando in the March 9, 2010 municipal election, but Brenner refused to qualify him as a candidate. Doc. No. 56 at ¶ 26. White contends that the candidacy requirements cited by Brenner as the basis for White's nonqualification are unconstitutional. Doc. No. 56 at ¶ 29. White requests that the allegedly unconstitutional conditions be stricken and that the Court "mandatorily enjoin Brenner and [Orlando] to qualify [White] as a candidate for the position of District 5 City Commissioner and to further order Brenner and [Orlando] to instruct Cowles to place [White's] name and the name of Lynum on the November 2, 2010 general election ballot (or on a ballot for a special election called for this purpose). . . ." Doc. No. 56 at 8-9.

On July 8, 2010, Brenner filed an Answer and Affirmative Defenses. Doc. No. 27. On September 28, 2010, Brenner filed a Motion for Sanctions Under Federal Rule of Civil Procedure 11 (the "Motion"). Doc. No. 31. In the Motion, Brenner alleges that Rule 11 sanctions, including attorneys' fees and costs against White and White's counsel, are warranted for the following reasons:

> [A] reasonable inquiry into the facts alleged in [White's] Complaint would have disclosed that:
> A.    [White] was not a bona-fide resident of District 5 of the City of Orlando for more than one year prior to January 15, 2010, as alleged in Paragraph 22(b) of White's Complaint;
> B.    [White] was not a registered and qualified elector of District 5 of the City of Orlando for the one-year period

---

[1] White's original complaint (Doc. No. 1) was dismissed without prejudice for failure to join a necessary party – Orlando. Doc. No. 24.

>       prior to qualifying as required by Chapter 2, Subsection 1-1 (D) of the City of Orlando Charter;
> C.    [White] failed to provide [Brenner] with satisfactory proof that he met the requirements of Chapter 2, Subsection 1-1 of the Charter of the City of Orlando; and
> D.    [White's] claim that [ ] Brenner should be mandatorily enjoined to qualify [White] as a candidate for the position of District 5, City Commissioner, is not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.

Doc. No. 31 at 1-2. Thus, Brenner alleges that if White and White's attorney had conducted a reasonable inquiry prior to filing the Complaint, they would have discovered that the claim is not supported by the facts or existing law. *Id*. The Motion fails to contain any evidence supporting the factual assertions set forth above or a supporting a memorandum of law.

On October 12, 2010, White filed a response (the "Response") to the Motion. Doc. No. 32. White maintains that the Complaint challenges the facial constitutionality of Chapter 2, Subsection 1.1 of the City Charter of Orlando and, therefore, the facts alleged by Brenner in paragraphs A through C of the Motion are irrelevant. Doc. No. 32 at ¶¶ 1-2. White states that he will be filing a motion for summary judgment as to the facial constitutionality of Section 1.1 and the Court will then be able to determine whether White's claim is warranted by existing law. Doc. No. 32 at ¶ 3.[2] Based on the forgoing, White requests that the Motion be denied. Doc. No. 32 at 3.

## II.    ANALYSIS.

Rule 11, Federal Rules of Civil Procedure, embodies the principle that attorneys and pro se litigants have an obligation to the court to refrain from conduct that frustrates the aims of Rule

---

[2] On November 15, 2010, White filed a motion for summary judgment. Doc. No. 36. That motion is not yet ripe. On that same day, Brenner and Orlando filed a motion for summary judgment. Doc. No. 34.

1.[3]  To accomplish this goal, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading or motion; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.  *See* Advisory Committee Notes to Rule 11, 1993 Amendments.[4]

Rule 11 sanctions may be sought by motion of an opposing party or by the Court on its own initiative.  Fed.R.Civ.P. 11(c)(2)-(3).  Rule 11 contains a safe harbor provision which must be complied with prior to a party filing a motion for Rule 11 sanctions.  *See* Fed.R.Civ.P. 11(c)(2).  The safe harbor provision requires a party to formally serve the offending party with a copy the proposed motion for sanctions at least twenty-one (21) days prior to filing the motion for sanctions with the court.  Fed.R.Civ.P. 11(c)(2).  The purpose of the safe harbor provision is to allow the party against whom sanctions are sought to withdraw the challenged document(s). *See* 5A *Wright & Miller*, Federal Practice and Procedure, § 1337.2 (2010).  "If corrective action is taken, the question of sanctions becomes moot."  *Id*.  After the expiration of twenty-one (21) days, if corrective action is not taken, the party seeking sanctions may file the motion.  *See* Fed.R.Civ.P. 11(c)(2).  A motion for Rule 11 sanctions "must describe the specific conduct that allegedly violates Rule 11(b)."  *See* Fed.R.Civ.P. 11(c)(2).

Rule 11(b), Federal Rules of Civil Procedure, provides:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing,

---

[3] Rule 1, Federal Rules of Civil Procedure, provides that the rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action." *Id*.
[4] Rule 11 does not apply to discovery.  *See* Fed.R.Civ.P. 11(d) (2010).

> filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b) (2010). Therefore, Rule 11(b) imposes a duty upon attorneys and pro se parties to "refrain from filing or pursuing frivolous claims." *Rueter v. Merrill Lynch*, 440 F.Supp.2d 1256, 1266 (N.D. Ala. 2006) (citing Fed.R.Civ.P. 11(b)).

A court has discretion to award Rule 11 sanctions:

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

5

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Rule 11 "applies only to assertions contained in papers filed with or submitted to the court." Advisory Committee Notes to Rule 11, 1993 Amendments.[5]

The seminal case on Rule 11 in the Eleventh Circuit provides the following standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate:

> The objective standard for testing conduct under Rule 11 is "reasonableness under the circumstances" and "what was reasonable to believe at the time" the pleading was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous. . . . Although sanctions are warranted when the claimant exhibits a "deliberate indifference to obvious facts," they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law. Sanctions may be appropriate when the plain language of an applicable statute and the case law preclude relief. However, the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression. The grant of summary judgment, in and of itself, does not mean that an action is frivolous or warrants the imposition of sanctions.

*Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted). Therefore, the Court applies an objective reasonableness standard in terms of what was and should have been known at the relevant time, keeping in mind that Rule 11 should not have a chilling effect on zealous or novel arguments.

---

[5] The Advisory Committee Notes to Rule 11, 1993 Amendments, also state: "However, a litigant's obligations with respect to the contents of these papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit. For example, an attorney who during a pretrial conference insists on a claim or defense should be viewed as 'presenting to the court' that contention and would be subject to the obligations of subdivision (b) measured as of that time." *Id.*

A court has a wide variety of possible sanctions to impose for violations of Rule 11, including both monetary and non-monetary sanctions. *See* Fed.R.Civ.P. 11(c)(4). Non-monetary sanctions include: striking the offending paper; issuing an admonition, reprimand or censure; requiring participation in seminars or other educational programs; and referring the matter to disciplinary authorities. *See* Advisory Committee Notes to Rule 11, 1993 Amendments. Monetary sanctions include: an order to pay a penalty into the Court's registry; or, "if imposed on a motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation." *See* Fed.R.Civ.P. 11(c)(4).[6]

The Motion only contains unsupported conclusory allegations that the Complaint has no basis in fact or law. Doc. No. 31. Moreover, Brenner has failed to provide a supporting the memorandum of law as required by Local Rule 3.01(a).[7] Aside from lacking any factual support or legal memorandum, the Motion fails to address the threshold issue of whether Brenner complied with the safe harbor requirement of Rule 11. Accordingly, it is recommended that the Court **DENY** the Motion (Doc. No. 31). *See Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC,* Case No. 6:05-cv-1660-Orl-22KRS, Doc. No. 40 (M.D. Fla. Aug. 24, 2006) (holding Rule 11 motion with similar deficiencies should be denied).

---

[6] In determining the proper amount of any monetary sanction, a court must consider the financial ability of the offender. *Baker*, 158 F.3d at 529. "[A] court must not impose a monetary sanction against a represented party for violating Rule 11(b)(2). . . ." Fed.R.Civ.P. 11(c)(5(A). Rule 11(b)(2) provides that by signing, filing, submitting a pleading, motion or other paper, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new laws." *Id*.

[7] Local Rule 3.01(a) requires that every motion or request for relief contain "a memorandum of legal authority in support of the request." *Id*.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** at Orlando, Florida on December 15, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties