# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VIBERT L. WHITE, JR.,**

        **Plaintiff,**

-vs-                                                **Case No. 6:10-cv-134-Orl-28GJK**

**ALANA BRENNER, BILL COWLES, DAISY W. LYNUM, and CITY OF ORLANDO,**

        **Defendants,**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **BILL COWLES MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. No. 73)** |
| **FILED:** | **October 19, 2011** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On June 29, 2010, Vibert L. White, Jr. ("White") filed an amended complaint (the "Complaint") against Alana Brenner ("Brenner"), in her official capacity as the City Clerk for the City of Orlando, Florida, Bill Cowles ("Cowles"), in his official capacity as Supervisor of Elections for Orange County, Florida, Daisy W. Lynum ("Lynum"), as an interested party, and

the City of Orlando ("Orlando") (collectively, the "Defendants"). Doc. No. 25.[1] In the Complaint, White alleges that he is "a resident of the City of Orlando." Doc. No. 25 at ¶ 6. White alleges that he attempted to run for the office of City Commissioner for District 5 of the City of Orlando in the March 9, 2010 municipal election, but Brenner refused to qualify him as a candidate. Doc. No. 56 at ¶ 26. White contends that the candidacy requirements cited by Brenner as the basis for White's nonqualification are unconstitutional. Doc. No. 56 at ¶ 29. White requests that the allegedly unconstitutional conditions be stricken and that the Court "mandatorily enjoin Brenner and [Orlando] to qualify [White] as a candidate for the position of District 5 City Commissioner and to further order Brenner and [Orlando] to instruct Cowles to place [White's] name and the name of Lynum on the November 2, 2010 general election ballot (or on a ballot for a special election called for this purpose). . . ." Doc. No. 56 at 8-9.

On March 4, 2011, the Court entered summary judgment in favor of the Defendants because White lacks standing to challenge the constitutionality of Orlando's election qualification requirements because White failed to come forth with evidence showing "that he lives or has ever lived within the City of Orlando." Doc. No. 51 at 8-13. On August 30, 2011, the undersigned entered a report and recommendation to the District Court recommending that Cowles be awarded attorneys' fees and costs against White pursuant to the Court's inherent authority because White's allegation of residency in the Complaint was demonstrably false and made wantonly, vexatiously, and in bad faith. Doc. No. 60 at 13. The undersigned further recommended that the District Court provide Cowles an opportunity to support his quantification

---

[1] White's original complaint (Doc. No. 1) was dismissed without prejudice for failure to join a necessary party – the City of Orlando. Doc. No. 24.

of attorneys' fees and costs. Doc. No. 60 at 18. On October 5, 2011, the District Court entered an order adopting the report and recommendation. Doc. No. 72.

On October 19, 2011, Cowles filed his Motion for Attorneys' Fees and Costs (the "Motion") requesting $3,982.50 in attorneys' fees and $275.00 in costs related to mediation. Doc. No. 73. In support of the Motion, counsel for Cowles attaches a detailed affidavit and time sheet reflecting the person who performed each task, the time expended, and the hourly rate of the individual performing each task. Doc. No. 73-1 at 1-10. In the affidavit, Cowles' counsel also states that the mediator's fee was $275.00. Doc. No. 73-1 at 3. White did not file a timely response to the Motion. The undersigned has reviewed the time expended for each task and the hourly rate requested for each individual and recommends that the Court find that they are reasonable.

Based on the forgoing, it is recommended that the Court:

1. **GRANT** Cowles' Motion (Doc. No. 73) and award Cowles $3,982.50 in attorneys' fees and $275.00 in costs against White; and
2. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** at Orlando, Florida on November 7, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of record
Unrepresented parties